STEPHEN P. DAY *vs.* GEORGE W. JONES & another.

Franklin.    September 18, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Composition with Creditors — Promissory Note — Discharge of Surety.*

A composition agreement, under seal, which never took effect because not signed by all the creditors, without which signing by its terms it was not to be binding, contemplated the debtor's release upon the payment of a certain percentage of the debts on or before a certain date, and was signed, among other creditors, by the payee of a promissory note made by the debtor as principal and by another as surety. *Held*, that no agreement to give the debtor time, such as would discharge the surety, could be inferred.

CONTRACT upon a promissory note, dated June 25, 1883, payable on demand to the plaintiff, and signed by George W. Jones and Edwin J. Jones. Writ dated October 15, 1887.

At the trial in the Superior Court, without a jury, before *Hammond*, J., the defendant Edwin J. Jones alone defended. Evidence was introduced tending to prove the following facts. As between the makers of the note George W. was the principal, whose duty it was to pay the note in full, and Edwin J. was the

surety, and this fact was known to the plaintiff. A composition agreement under seal, dated March 16, 1887, was presented by George W. to his creditors, which, after reciting his inability to pay his debts in full, and an agreement on the part of such of his creditors as should sign it to accept a certain percentage of their claims in full satisfaction thereof if paid to them " on or before the tenth day of June next," contained the following :

" This agreement is not to be binding upon us, or any of us, unless all of the known creditors of said George W. Jones whose individual debt exceeds the sum of twenty dollars shall sign this agreement. It is understood and agreed that all the property of said Jones is to be conveyed to Albert M. Gleason, in trust, without bonds, and he is to receive all the proceeds of any and all sales, and hold the same to pay the several amounts to carry out the true intent and purpose of this compromise."

This agreement was signed by the plaintiff during March, and by other creditors. George W., for the purpose of carrying out the agreement, executed and delivered to Gleason, the trustee, a quitclaim deed of his real estate and a bill of sale of his personal property not exempt from attachment, and Gleason executed and delivered a declaration of trust that he held the property for the purposes named in said agreement, but the property was never delivered to Gleason. George W. tried to carry out the agreement, but did not succeed in securing the signatures of all his known creditors whose individual debts exceeded the sum of twenty dollars, and the agreement was in no respect carried out, except that the deed and bill of sale were made and delivered. Edwin J. knew that the plaintiff had signed the agreement of compromise; he neither said anything to the plaintiff about it nor did anything about it, and he never consented to the signing of the agreement by the plaintiff, in any other way or to any other extent than is necessarily implied by law from such knowledge and such failure to speak and act.

The defendant asked the judge to rule that the plaintiff's signing the agreement operated as an agreement to give George W. time, and not to sue him within such time; but the judge declined so to rule, and ruled that, upon the above facts, Edwin J. was not discharged from liability, and found for the plaintiff; and the defendant alleged exceptions.

*J. A. Aiken,* for the defendant.

*S. T. Field,* for the plaintiff.

FIELD, J. The composition agreement under seal which was signed by the plaintiff never took effect, because by its terms it was "not to be binding " upon those who signed it " unless all of the known creditors of said George W. Jones whose individual debt exceeds the sum of twenty dollars shall sign this agreement." The exceptions state that Jones did not "secure the signatures of all his known creditors whose individual debt exceeded the sum of twenty dollars," etc.

It is contended that it should be implied from the facts, however, that the plaintiff and George W. Jones agreed with each other that the plaintiff should not sue Jones on the note before the " tenth day of June next " after the date of the agreement, or for a reasonable time after the plaintiff signed the agreement, because it must have been contemplated that Jones should have some time to solicit the signatures of those of his creditors whose signatures were necessary to make the agreement binding. See *Agricultural Bank* v. *Bishop,* 6 Gray, 317.

There is no evidence of any express oral agreement to this effect, and, whatever may have been the expectation of the parties, we think that no contract of this kind can be inferred. The reasonable inference is, that it was understood by the parties that if the written agreement never became binding it was to be treated as if it had never been signed by the plaintiff, and that if it became binding the rights of the parties should be determined by it. Whether evidence of an express oral contract of the kind set up by the defendant, made contemporaneously with the signing of the written agreement, could be received, or whether such evidence must be regarded as tending to add to or vary the terms of the written agreement, need not be determined. There is no evidence that the parties did not incorporate into the written agreement everything agreed upon.

*Exceptions overruled.*